**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Gerlin Omero Del Cid Del Cid, | No. 21-40 |
| Petitioner, | Agency No.     A206-709-663 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2023**
Portland, Oregon

Before: RAWLINSON, BEA, SUNG, Circuit Judges.

Gerlin Omero Del Cid Del Cid, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals's ("BIA") dismissal of his appeal

of the Immigration Judge's ("IJ") order denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture

("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition.

1. Substantial evidence supports the BIA's determination that Del Cid has not established an objectively reasonable fear of future persecution based on his anti-mining political opinion. Del Cid testified that he was never harmed or threatened with harm when he lived in Guatemala. Del Cid also testified that his aunt, uncle, and friend have expressed anti-mining political opinions by public protests for several years and faced no harm apart from short periods in jail. Del Cid argues that his family members and friend are not similarly situated to him because he left Guatemala as a child, but he does not explain how that fact would cause his anti-mining political opinion to be treated differently. Thus, the BIA properly considered the lack of harm to Del Cid's family members and friend when determining that Del Cid did not establish an objectively reasonable fear of future persecution. *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009).

Also, although Del Cid presented some evidence that the Guatemalan government tended to support the mining company, this evidence pertains only to conditions in 2013 and 2014. At the time of Del Cid's merits hearing in September 2018, the mine had not operated for 435 days because, according to Del Cid, the government began to listen to the concerns of the Guatemalan people. Del Cid presented no evidence showing that the mine has since reopened or is likely to reopen in the future. Moreover, the record shows that the Guatemalan government was willing to hold the mining company accountable for its actions: the government prosecuted the mine's security chief after security

2

guards opened fire on protestors, resulting in multiple serious injuries. Del Cid incorrectly asserts that the IJ merely speculated about the status of the mines. Rather, the IJ rationally construed evidence of changed country conditions, including Del Cid's testimony. *See Singh v. Holder*, 753 F.3d 826, 831 (9th Cir. 2014). Del Cid's speculation that mining operations may resume does not compel the conclusion that the IJ's decision was incorrect. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). The BIA therefore did not err in denying asylum or withholding of removal. *Kaiser v. Ashcroft*, 390 F.3d 653, 658–60 (9th Cir. 2004).

2. For the same reasons, substantial evidence supports the BIA's determination that Del Cid failed to establish that he is more likely than not to be tortured if returned to Guatemala. Del Cid is therefore not entitled to CAT relief. *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018).

**PETITION DENIED.**